UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:23-CR-00090-01 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GABRIEL HAWTHORNE | MAGISTRATE JUDGE DAVID J. AYO |

**RULING and ORDER**

Before the Court is Defendant Gabriel Hawthorne's "Motion to Unseal[] Voir Dire Transcripts." [ECF No. 224] Hawthorne asks the Court to unseal the transcript of his trial's voir dire proceedings. He asserts that the transcript of "the jury selection held in open court" is necessary "in order to raise all his ineffective assistance of counsel claims" in an anticipated motion under 28 U.S.C. § 2255, but does not explain what those claims are or how the transcript will aid them. *Id.*

Jury selection in Hawthorne's trial was held in open court, but members of the venire were informed that if the Court needed to address issues which might infringe on the panel members' legitimate privacy interests, they could request a private meeting with only the Court, parties, and counsel.[1] At the initiation of either the court or panel members, several such private discussions were held. The Court ordered the jury selection transcript sealed because it includes those private discussions, in order to protect the prospective jurors' privacy.

Hawthorne asks the Court to unseal the jury selection transcript, particularly the portion that was "held in open court." While there is a presumption that criminal trials are open to the public, those proceedings may be closed and those transcripts may be redacted if necessary to protect certain legitimate interests, including the privacy of prospective jurors who are discussing

---

[1] *See Matter of Dallas Morning News Co.*, 916 F.2d 205, 206 (5th Cir. 1990)(citing *Press–Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)).

sensitive or private matters.[2] If a court "determines that [a] transcript contains sensitive information favoring sealing," it should "consider whether redaction of the relevant information is an adequate substitute for sealing the entire transcript."[3] If redactions will satisfy the relevant concerns, the redacted transcript should be made publicly available.[4]

Having reviewed the entirety of the transcript of the jury selection, the Court will unseal those portions of the transcript that concern conversations in open court. While Hawthorne does not presently ask to unseal the privately held discussions, the Court finds disclosure of those discussions would implicate the privacy interests of certain prospective jurors, and they will remain under seal. Accordingly, if Hawthorne wishes to unseal those private discussions, he can seek additional leave to do so. Given the sensitive information involved, however, any such request for leave must provide specific grounds for gaining access to it. In light of the above,

IT IS HEREBY ORDERED that Defendant's "Motion to Unseal[] Voir Dire Transcripts" [ECF No. 224] is GRANTED. The transcript of the jury selection in Defendant's trial shall be unsealed, except for the portions covering private discussions with prospective jurors, which will remain under seal.

THUS DONE AND SIGNED this 8th day of August, 2024.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[2] *United States v. Brown*, 250 F.3d 907, 918 (5th Cir. 2001)(citing *United States v. Harrelson*, 713 F.2d 1114, 1116 (5th Cir.1983)).
[3] *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, No. 13-20250, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015)(citing *Hasie v. Office of the Comptroller of the Currency of the U.S.*, 633 F.3d 361, 369 (5th Cir. 2011)).
[4] *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, No. 13-20250, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015)(citing *Dallas Morning News*, 916 F.2d at 206).