UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:23-CR-00090-01 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GABRIEL HAWTHORNE (01) | MAGISTRATE JUDGE DAVID J. AYO |

### RULING AND ORDER

Presently before the Court is Defendant Gabriel Hawthorne's Motion to Compel or Direct the Clerk of Court to Provide Copies of the Voir Dire Transcripts [ECF No. 246]. Hawthorne asks the Court to order the Clerk of Court to provide him copies of the transcripts of the jury selection in his trial at no cost on the grounds that he was recently granted leave to proceed *in forma pauperis*.

Hawthorne, represented by retained counsel, was convicted by a jury of trafficking in drugs, and was sentenced by this Court to concurrent terms of imprisonment [ECF No. 174]. Hawthorne appealed and the appeal was dismissed for want of prosecution [ECF No. 205]. Hawthorne sought appointment of counsel for his direct appeal, after it was dismissed, on the grounds of his inability to pay [ECF No. 211]. That order was granted, and appointed counsel was directed to assist Hawthorne with seeking to reopen the direct appeal [ECF No. 222]. Hawthorne then moved to unseal the transcripts of the jury selection in his trial [ECF No. 224]. He alleged that he needed those transcripts so that he could "file a 28 U.S.C. § 2255 motion in order to raise all his ineffective assistance of counsel claims based on the" content of the transcripts [*Id.* at 1-2]. Hawthorne did not explain the basis for his claims or how the transcripts were necessary to assert them. The Court granted the motion in part and unsealed the portion of the jury selection that took place in open court [ECF No. 225]. The Court reserved Hawthorne's right to file a request to unseal

the remaining portion of the transcript, provided that he articulated specific reasons why it was necessary [*Id.*]. Rather than make such a request, Hawthorne filed a notice of appeal of the Court's ruling [ECF No. 231]. Hawthorne moved to proceed *in forma pauperis* on his second appeal [ECF No. 232]. The same attorney appointed to assist Hawthorne with reopening his direct appeal was appointed to assist him with the second appeal, to the extent the Fifth Circuit deems the two appeals related [ECF Nos. 236, 239]. Before this Court, Hawthorne remains *pro se*.

In the present motion, Hawthorne asks the Court to compel the Clerk of Court to provide him with a free copy of the transcript of the jury selection in his trial, on the grounds that it was partially unsealed and he is indigent [ECF No. 246]. Given the lack of detail in the motion and what Hawthorne has alleged in previous motions, the Court must presume that he seeks the transcript to support a section 2255 motion. The law, however, does not entitle indigent defendants to free copies of transcripts for use in collateral proceedings. *Guerra-Sanchez v. United States*, No. 3:17-CR-341-B (5), 2022 WL 6778980, at *1 (N.D. Tex. Oct. 7, 2022)(citing *U.S. v. Ramos-Barrera*, 466 F. App'x 334 (5th Cir. 2012) (per curiam)). Pursuant to 28 U.S.C. § 753(f), litigants who are permitted to sue *in forma pauperis* in proceedings brought under section 2255 may receive transcripts without cost "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A litigant seeking such transcripts may not use them to "conduct a fishing expedition," but "must make the court aware of any facts that might require a close examination of the trial transcript." *Guerra-Sanchez*, 2022 WL 6778980 at *1 (collecting cases).

Hawthorne has not shown that he is entitled to a free transcript under the applicable law. The motion does not provide any grounds for receipt of a free transcript of the jury proceedings beyond Hawthorne's indigence. For instance, the motion does not explain whether the transcript

is sought for his appeal, a forthcoming section 2255 motion, or something else. If the transcript is sought for Hawthorne's appeal, such a motion must be filed by his appellate counsel. If it is sought for another purpose, Hawthorne has not provided a basis for the Court to conclude that the purpose of the request is not frivolous. In short, based on the motion filed, the law does not entitle Hawthorne to a no-cost copy of the transcript. As with previous orders, the Court's ruling does not prejudice Hawthorne's right to file an appropriately supported request.

In light of the above,

IT IS HEREBY ORDERED that Hawthorne's Motion to Compel or Direct the Clerk of Court to Provide Copies of the Voir Dire Transcripts [ECF No. 246] is DENIED.

THUS DONE AND SIGNED this 8th day of January, 2025.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**